ant, on the day said contract was made, guarantied in writing the payments as aforesaid under said contract to be made by said Chaffee, which guaranty, as written under said contract in words and effect as follows: 'Payments by A. H. Chaffee as above guarantied. N. Y., April 30, 1888. GEO. H. FLETCH-ER.'" Defendant now moves to make the complaint more definite and certain.

*Goepel & Raegner,* for plaintiff.     *George H. Fletcher,* for defendant.

DUGRO, J.   I think the complaint should be made more definite and certain by giving the substance and full terms of the alleged modification, and also by stating whether the words "said contract," in paragraph 5, refer to the original contract, or to the same as modified.   The precise meaning and the application of the allegations of the complaint are apparent without specification of the time and place of the alleged modification, or any statement as to whether this modification was in writing; and therefore the defendant's motion, so far as it asks for information as to these particulars, should not be granted.   See *Tilton* v. *Beecher,* 59 N. Y. 176.   In *Betts* v. *Bache,* 23 How. Pr. 197, it is held that it is not necessary in a pleading to state a contract within the statute of frauds to be in writing.

As to the contention of plaintiff's counsel that the defendant is well aware of all the facts upon which the plaintiff's claim is founded by reason of another action, etc., it is sufficient to say that the defendant is entitled to be informed by the complaint of the facts constituting the plaintiff's cause of action.   Section 481, Code Civil Proc.   He may have reason to know the nature of the plaintiff's claim aside from the pleadings, but it is his right to rely only upon that which appears in the complaint itself.   An order in accordance with the above will be granted, without costs.

---

### TALLMADGE *et al.* v. LOUNSBURY.

*(Superior Court of New York City, Special Term.   September 19, 1889.)*

ASSOCIATIONS—ACTIONS—VERIFICATION OF PLEADINGS.
    Code Civil Proc. N. Y. § 525, provides that a pleading must be verified "by the affidavit of the party, * * * except as follows:   (1) Where the party is a domestic corporation, the verification must be made by an officer thereof;" and, (3) "where all the material allegations of the pleading are within the personal knowledge of the agent or attorney, * * * the verification may be made by the agent or the attorney for the party."   *Held* that, where a voluntary association is sued by its treasurer, (Code Civil Proc. N. Y. § 1919,) the answer cannot be verified by any other officer of the association, except as the agent or attorney of the treasurer.

Action by Daniel W. Tallmadge and George G. Martin against Phineas C. Lounsbury, as treasurer of the Republican League of the United States, a voluntary association.   The answer was not verified by the treasurer, nor by any one for him, but by the secretary of said association, and on that ground plaintiffs returned it.   Defendant then moved to compel plaintiffs to accept the answer.   Plaintiffs relied on Code Civil Proc. N. Y. §§ 524–526, which are as follows:

"Sec. 524. *Form and Construction of Certain Allegations and Denials in Verified Pleading.*   The allegations or denials in a verified pleading must, in form, be stated to be made by the party pleading.   Unless they are therein stated to be made upon the information and belief of the party, they must be regarded, for all purposes, including a criminal prosecution, as having been made upon the knowledge of the person verifying the pleading.   An allegation that the party has not sufficient knowledge or information to form a belief with respect to a matter must, for the same purposes, be regarded as an allegation that the person verifying the pleading has not such knowledge or information.

"Sec. 525. *Verification, How and by Whom Made.* [Amended by chapter 542 of 1879.] The verification must be made by the affidavit of the party, or, if there are two or more parties united in interest, and pleading together, by at least one of them, who is acquainted with the facts, except as follows: (1) Where a party is a domestic corporation, the verification must be made by an officer thereof. (2) Where the people of the state are, or a public officer in their behalf is, the party, the verification may be made by any person acquainted with the facts. (3) Where the party is a foreign corporation, or where the party is not within the county where the attorney resides; or, if the latter is not a resident of the state, the county where he has his office, and capable of making the affidavit; or if there are two or more parties united in interest, and pleading together, where neither of them, acquainted with the facts, is within that county, and capable of making the affidavit; or where the action or defense is founded upon a written instrument for the payment of money only, which is in the possession of the agent or the attorney; or where all the material allegations of the pleading are within the personal knowledge of the agent or the attorney,—in either case the verification may be made by the agent of or the attorney for the party.

"Sec. 526. *Form of Affidavit of Verification.* The affidavit of verification must be to the effect that the pleading is true to the knowledge of the deponent, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true. Where it is made by a person other than the party, he must set forth, in the affidavit, the grounds of his belief as to all matters not stated upon his knowledge, and the reason why it is not made by the party."

Section 1919 provides that actions by or against unincorporated associations shall be in the name of the president or treasurer of the association.

*Nichols & Bacon,* (*Alex. S. Bacon,* of counsel,) for plaintiffs. *Blanchard, Gay & Phelps,* for defendant.

DUGRO, J. The cause shown by the plaintiff is sufficient. The stay is vacated.

---

PEOPLE *v.* MOLINS.

(*Court of General Sessions, New York County.* April, 1888.)

**1. CONSTITUTIONAL LAW—DEPOSITIONS DE BENE ESSE.**
Depositions in a criminal case, taken *de bene esse,* under a stipulation by counsel that they shall be read on the trial with the same force and effect as if the witnesses had testified, are not open to the objection that defendant is deprived of his constitutional right to be confronted by his accusers.

**2. CRIMINAL LAW—ACCOMPLICES—WHO ARE.**
A detective employed to procure testimony on which to predicate a prosecution, who enters into a bargain with defendant with a view to obtaining such evidence against defendant, is not an accomplice.

**3. TRADE-MARK—COUNTERFEITING—JURISDICTION OF STATE COURT.**
Act Cong. March 3, 1881, § 7, (21 St. at Large, 502,) relating to trade-marks used in commerce with foreign nations, which provides that any person who shall counterfeit "any trade-mark registered under this act" shall be liable to an action on the case, does not apply to any trade-mark that has not been registered, so as to oust the jurisdiction of a state court in a prosecution for counterfeiting a foreign trade-mark which is not registered under the act of 1881.

**4. SAME—PROOF OF OWNERSHIP.**
In order to convict of counterfeiting a trade-mark, the jury must be satisfied that it was the exclusive property of the person alleged in the indictment to be the owner, that the alleged trade-mark was capable of appropriation as such, and that, if ever valid, it has not been abandoned by acquiescence in its use by others.

**5. SAME—INTENT TO DEFRAUD.**
Evidence that defendant, in an indictment for counterfeiting a trade-mark by printing copies of the labels used by the owner of the trade-mark, also put on the labels the name of the printer of the original, and that he was found in possession of counterfeits of other labels, is admissible to show his knowledge of the fraudulent intent.